IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| VAN DUNN, | ) |
| Petitioner, | ) |
| v. | )  CIVIL ACTION NO. 5:05-0245 |
| WARDEN MARTY ANDERSON, | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On March 24, 2005, Petitioner, an inmate then in confinement at FCI, Beckley, Beaver, West Virginia,[1] and acting *pro se*, filed his Petition under 28 U.S.C. §2241 for Writ of Habeas Corpus By a Person in State or Federal Custody and Memorandum of Law.[2] (Document No.1.) Petitioner alleges that the Federal Bureau of Prisons [BOP] incorrectly calculated his federal sentence. (Id.) Petitioner contends that he should be given credit for the time he was at liberty between June 1, 1999 and July 18, 1999, due to the United State Marshals Service's failure to accept custody after the expiration of his state sentence. (Id.) By Standing Order also filed on March 24, 2005, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] According to the Inmate Locator, Petitioner was released on July 17, 2005. The undersigned notes that while Petitioner's first name is spelled differently ("Vann") than what is indicated on his Application ("Van"), the undersigned is confident that the information listed on the Inmate Locator pertains to Petitioner given that Petitioner's Register Number listed on his Application matches the Register Number listed on the Inmate Locator.

[2] Because Plaintiff is acting *pro se,* the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Document No. 2.)

## PROCEDURAL AND FACTUAL HISTORY

On December 4, 1998, Petitioner pled guilty to conspiracy to distribute a controlled substance in the United States District Court for the Eastern District of Kentucky. See United States v. Dunn, Case No. 5:98-cr-0033 (E.D. Ky., December 4, 1998)(Document No. 48). Petitioner was sentenced on March 1, 1999, and received a 35-month sentence of imprisonment, to be followed by a six-year term of supervised release. Id., Document No. 55. Petitioner completed his sentence and was released from incarceration in 2001. Id., Document No. 84. However, Petitioner was found to have violated the terms of his supervised release by having a positive urinalysis, and on September 28, 2001, the Court imposed a 21-month sentence of imprisonment for Dunn's violation of one of the terms of his supervised release. Id., Document Nos. 71 and 84.

On March 4, 2005, Petitioner filed this instant § 2241 Application claiming that the BOP incorrectly calculated his federal sentence. (Document No. 1.) Petitioner avers that while serving a state sentence[3], he was sentenced in the United States District Court for the Eastern District of Kentucky for conspiracy to distribute a controlled substance. (Id., See United States v. Dunn, No. 5:98-cr-003.) Petitioner avers that after his sentencing he was returned to state custody to complete the remaining three months of his state sentence. (Document No. 1.) Petitioner avers that prior to the expiration of his state sentence, and again on the day that his state sentence expired, June 1, 1999, officials contacted the United States Marshals Service and notified them that his state sentence was complete so he could begin serving his 35 month term of imprisonment imposed upon him by

---

[3] Petitioner did not provide information relating to his state conviction to allow the undersigned to determine the nature of his conviction and length of his sentence.

2

the United States District Court for the Eastern District of Kentucky. (Id., See United States v. Dunn, No. 5:98-cr-003.) Petitioner avers that the United States Marshals Service refused to take him into custody, and, having served his state sentence, he was released on June 1, 1999. (Id.) Petitioner avers that he was finally taken into custody by the United States Marshals Service on July 18, 1999. (Id.) Petitioner contends that the BOP was incorrect in determining that his sentence commenced on July 18, 1999, when he was finally taken into custody by the United States Marshals Service. (Id.) Petitioner contends that he should be given credit for the 48 day period when he was at liberty between June 1, 1999, and July 18, 1999, due to the United State Marshals Service's failure to accept custody after the expiration of his state sentence. (Id.)

## **ANALYSIS**

The undersigned finds that the Petitioner's § 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision." Id. Petitioner requests that Respondent award him credit for the time spent released from custody following a state sentence. Respondent cannot, however, afford Petitioner his requested relief because he was released from the custody of the BOP on July 17, 2005, and therefore no longer has jurisdiction over him. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release, the Court

can no longer consider Petitioner's challenge to the BOP's calculation of his sentence.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S.1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43(1998). In his Application, Petitioner challenged the calculation of his sentence; he did not challenge his underlying conviction and sentence. Accordingly, Petitioner's claims are rendered moot by virtue of his release and the absence of collateral consequences, and therefore, his § 2241 Application must be dismissed.[4]

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application (Document No. 1.) as moot and remove this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

---

[4] The undersigned notes that the Petitioner attached as an exhibit the response of Marty C. Anderson, Warden of FCI, Beckley, to an administrative grievance filed by the Petitioner. The response indicates that when Petitioner was released from state custody on June 1, 1999, the Petitioner was directed to report to the United States Marshals Service. Petitioner failed to report as directed, resulting in a warrant being issued and Petitioner being taken into custody on July 18, 1999. Consequently, Petitioner's request for an administrative remedy was denied. (Document 1, Exhibit B-2.)(See United States v. Dunn, No. 5:98-cr-0033)(E.D.Ky., July 1, 1999)(Document No. 60.)

Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Goodwin and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff who is acting *pro se* at his current address obtained through the Office of Probation – 1582 Van Buren Drive, Lexington, Kentucky 40511.

ENTER: January 25, 2006.

R. Clarke VanDervort
United States Magistrate Judge